In the Matter of the Application of EARL A. GILLESPIE, INC., Appellant, for a Certiorari Order against ALFRED D. OLENA and Others, Constituting the Board of Zoning Appeals of the Incorporated Village of Garden City, Respondents.— Order confirming determination of board of zoning appeals and dismissing certiorari order reversed upon the law and the facts, with ten dollars costs and disbursements, certiorari order sustained, determination of the board of zoning appeals annulled and application granted, with ten dollars costs. The proposed use of appellant's premises, as revealed by the record herein, is not a violation of the zoning ordinances. It appears that appellant intends to conduct what amounts practically to a woodworking shop, incidental to its retail lumber business. Mechanical saws and planing machinery are said to be necessary to the work. Such operations cannot constitute a saw mill or planing mill within the meaning of the zoning ordinance in question. The order to be entered hereon shall limit the use of machinery upon appellant's premises to the following: One variety saw table, maximum

saw 14-inch; one saw table, maximum saw 16-inch; one hollow chisel mortiser, with five-eighths chisel; one single spindle variety machine; one band saw, maximum width of saw 1-inch; one swing saw, maximum cut 2-inch thick; one machine for boring pulley stiles; one moulding machine, 9-inch; one chain mortiser, five-eighths by two and one-half inch; one single end dado machine; one twenty-four-inch single surfacer; one twelve-inch jointer. The determination of the board of zoning appeals on November 13, 1928, was not a bar to a reconsideration of the appellant's application. The board, without objection, granted a rehearing. The situation here differs from that in *Matter of McGarry* v. *Walsh* (213 App. Div. 289) in that here the board of zoning appeals did not reverse itself as it did in the *McGarry* case. Furthermore, new features appear in the instant case. The appellant at the time of the first hearing before the board of zoning appeals did not have title, but acquired the same before the time of the second hearing. An additional change was appellant's elimination of the largest saw. Lazansky, P. J., Kapper, Scudder and Davis, JJ., concur; Young, J., dissents.